United States District Court
Northern District of California

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 ELIZABETH GRANADOS,

        Case No. 4:18-cv-05535-KAW

8      Plaintiff,

        **ORDER GRANTING EX PARTE**

9      v.

        **APPLICATION FOR TEMPORARY**
        **RESTRAINING ORDER; ORDER TO**
        **SHOW CAUSE**

10 BANK OF AMERICA, N.A., et al.,

        Re: Dkt. No. 19

11      Defendants.

12

13      On May 24, 2019, Plaintiff Elizabeth Granados filed an ex parte application for temporary

14 restraining order to enjoin the sale of the subject property, located at 90 Madera Court, Danville,

15 CA 94526, which is scheduled for Trustee's Sale on May 29, 2019. (Pl.'s Appl., Dkt. No. 19-1 at

16 1.) The sale was initiated by Defendant J.P. Morgan Chase, despite the case being stayed, based

17 on a stipulation signed by the parties, so that Plaintiff's loan modification application could be

18 reviewed. (*See* Stipulation, Dkt. No. 17.)

19      Chase filed an opposition on May 24, 2019, stating that it had denied Plaintiff's loan

20 modification application on April 10, 2019, and Plaintiff timely filed her appeal on May 8, 2019.

21 (Defs.' Opp'n, Dkt. No. 20 at 1-2.) On May 20, 2019, Chase denied Plaintiff's appeal, and

22 emailed a copy of the denial to Plaintiff's counsel on that same date. (Defs.' Opp'n at 2; Decl. of

23 Dylan Hale, Dkt. No. 20-1 ¶ 3, Ex. B.)

24      Under the California Homeowner Bill of Rights, Chase is precluded from conducting a

25 trustee's sale within 15 days of the denial of the appeal. Cal. Civ. Code § 2923.6(e)(2). Thus,

26 even if the denial was issued on May 20, 2019, Chase would not be permitted to sell the subject

27 property until after June 4, 2019. *See id.* There is also a question of whether Defendants

28 impermissibly dual-tracked Plaintiff during the review process, as the undersigned does not know

1     when the Notice of Trustee's Sale was recorded. *See* Cal. Civ. Code § 2923.6(c) (2019) (cannot

2     record a notice of sale while the first lien loan modification application is pending); *see* Cal. Civ.

3     Code § 2924.11(a)[1] (2018) (same); *see also* Pl.'s Appl. at 1.

4           Accordingly, Defendants, their employees, agents and/or any other person or entity acting

5     with them or on their behalf are TEMPORARILY RESTRAINED and ENJOINED from selling

6     the property located at 90 Madera Court, Danville, CA 94526.

7           Furthermore, the Court issues an ORDER TO SHOW CAUSE to Defendants to address

8     whether the Notice of Trustee's Sale was recorded while the case was stayed pending review of

9     Plaintiff's loan modification application, and, if not, when it was recorded. Defendants shall also

10     address why they apparently violated the Homeowner Bill of Rights in seeking to conduct a

11     trustee's sale within 15 days of denying Plaintiff's appeal.  Defendants shall file a response to this

12     order by June 3, 2019.

13           A case management conference is scheduled for July 2, 2019. The joint case management

14     statement is due on or before June 25, 2019, and, in addition to the information required, the

15     parties shall provide a proposed briefing schedule for Plaintiff's motion for preliminary injunction.

16           IT IS SO ORDERED.

17     Dated: May 28, 2019

18                                  KANDIS A. WESTMORE

19                                  United States Magistrate Judge

20

21

22

23

24

25

26

27

28     [1] The Court notes that Plaintiff erroneously cites to this section of the Civil Code, which was
renumbered effective January 1, 2019.